APALLA U. CHOPRA (S.B. #163207)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California, 90071-2899
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407

ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
SUSANNAH K. HOWARD (S.B. #291326)
showard@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California, 94111-3823
Telephone:     (415) 984-8912
Facsimile:      (415) 984-8701

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gina McLeod, individually and on behalf of all others similarly situated, | Case No. CV _____ |
| Plaintiff, | **DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL** |
| v. | (28 U.S.C. §§ 1331, 1441(a)) |
| Bank of America, N.A., and DOES 1 through 10, inclusive, | (Alameda Superior Court Case No. RG16814887) |
| Defendant. | |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF GINA**

**MCLEOD AND PLAINTIFF'S ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332(d), 1441(d), and 1446, Defendant Bank of America, N.A.

("Bank of America" or "Defendant") hereby files this Notice of Removal, removing this action

brought by Plaintiff Gina McLeod ("Plaintiff") from the Superior Court of the State of California,

County of Alameda, where the action is currently pending, to this Court pursuant to 28 U.S.C. §

1332(d), as amended by the Class Action Fairness Act of 2005.  Defendant states the following grounds for removal:

<u>**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**</u>

1.      On May 16, 2016, Defendant was served with a Summons and Complaint that had been filed on May 9, 2016, a true and correct copy of which is attached hereto collectively as **Exhibit A**.  The action was brought as a putative class action in the Superior Court for the State of California, County of Alameda, styled and captioned exactly as above, and assigned Case No. RG16814887.  On June 13, 2016, Defendant filed an Answer to the Complaint and a Peremptory Challenge pursuant to Cal. Civ. Proc. Code § 170.6 in the Superior Court of the State of California, County of Alameda, a copy of which is attached hereto as **Exhibit B**.  No other process, pleadings, or orders have been filed and served in this action, and no other defendant has been named or served.

2.      The Complaint asserts two causes of action, both predicated on alleged violations of California Labor Code § 2802.  Specifically, Plaintiff contends that Defendant has maintained a policy and practice of failing to fully reimburse Plaintiff and the putative class members, who work or worked as Loan Officers for Defendant, for all travel-related expenses they incurred as a result of their employment.  (Compl. ¶ 12.)

3.      In Plaintiff's First Cause of Action, Plaintiff seeks reimbursement for all travel-related expenses pursuant to California Labor Code § 2802.  Plaintiff alleges that she and the putative class members were required to use their own vehicles for work, and were not reimbursed for "liability insurance, mileage, gas, parking, tolls, and other travel-related expenses."  (Compl. ¶ 20.)  Plaintiff also seeks attorneys' fees and costs pursuant to California Labor Code § 2802(c).  (*Id.* ¶ 22.)

4.      In Plaintiff's Second Cause of Action, Plaintiff seeks restitution under California Business & Professions Code § 17200 for this same alleged violation of California Labor Code § 2802, contending that "Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by failing to reimburse and

DEFENDANT BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL CV

indemnify Plaintiff and similarly situated Loan Officers for employment-related business expenses and losses."  (Compl. ¶¶ 26, 29.)

5.      This Notice of Removal has been filed within thirty (30) days of service on Defendant, and, as no other defendant has been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty (30) days of service of the first defendant has been satisfied.  Therefore, this Notice of Removal has been timely filed.  *See Simpson v. Union Pacific R. Co.*, 282 F. Supp. 2d 1151 (N.D. Cal. 2003).

## BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")

6.      This Court has subject matter jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), because this is a putative class action in which: (i) there are 100 or more members in Plaintiff's proposed class; (ii) at least some members of the proposed class, including Plaintiff, have a different citizenship from one or more defendants; (iii) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000 (exclusive of interest and costs); and (iv) no exceptions to CAFA apply.  *See* 28 U.S.C. §§ 1332(d)(2)(A) & 5(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).[1]  These four conditions are satisfied here for the reasons set out below.

7.      First, Plaintiff filed this action as a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(b) because Plaintiff pleads that this civil action should be considered a class action under California law.  (Compl. ¶ 16.)  Plaintiff alleges that the putative class proposed in the Complaint involves "hundreds" of Loan Officers in California who were subject to Defendant's expense reimbursement policy during the class period.  (*Id.* ¶ 17a.)  Defendant's records indicate that there were approximately four hundred eighty-three (483) Mortgage Loan Officers and one hundred fifteen (115) Senior Mortgage Loan Officers employed by Defendant in California for

---

[1] Defendant does not waive, and expressly reserves, all arguments that this matter is improper for both class certification and as a non-class representative action.

DEFENDANT BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL CV

each of the last four years, for a total of five hundred ninety-eight (598) Loan Officers employed by Defendant during the class period.  (Declaration of Joseph Bush in Support of Removal ("Bush Decl.") ¶ 3).  Accordingly, there is no dispute that the number of putative class members in the class proposed by Plaintiff exceeds one hundred (100).

8.      Second, Plaintiff is a citizen of the State of California, residing in San Diego.  (Compl. ¶ 7).  Defendant is a wholly-owned subsidiary of BANA Holding Corporation, which is a wholly-owned subsidiary of BAC North America Holding Company, which is a wholly-owned subsidiary of NB Holdings Corporation, which is a wholly-owned subsidiary of Bank of America Corporation.  (Bush Decl. ¶ 5.)  Defendant's headquarters—as well as the majority of its administrative, executive, and support functions—are centralized in Charlotte, North Carolina, and the company controls and directs its nationwide operations from North Carolina.  (*Id.* ¶ 4).  In addition, Defendant's certificate from the Office of the Comptroller of the Currency ("OCC") states that it is located in Charlotte, North Carolina, and the OCC has issued an Interpretive Letter regarding Defendant's North Carolina citizenship for purposes of diversity jurisdiction.  (*Id.* ¶ 6.)  Pursuant to 28 U.S.C. § 1332(d)(10), Defendant is thus a citizen of North Carolina for purposes of removal jurisdiction.  Accordingly, Plaintiff is a citizen of a state different from Defendant within the meaning of 28 U.S.C. §§ 1332(d)(2)(A).

9.      Third, the claims asserted by the plaintiff class, aggregated as required by 28 U.S.C. § 1332(d)(2), exceed the necessary sum of $5,000,000 "in controversy" within the meaning of 28 U.S.C. §1332(d)(2).  Although Defendant expressly denies all of the allegations in the Complaint, and further denies that Plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the proposed class and the breadth of the claims alleged and relief sought, the amount put "in controversy" by this litigation exceeds $5,000,000, based on the following reasonable assumptions:

    a)  The Complaint alleges that the putative class members were not fully reimbursed "for expenses incurred as a result of Plaintiff and Class Members' use of their own motor vehicles for work," including "mileage"

DEFENDANT BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL CV

1    and other items.  (Compl. ¶ 20.)  Although Defendant denies this

2    allegation, if true, Defendant would owe each employee an amount equal to

3    "all necessary expenditures or losses incurred by the employee in direct

4    consequence of the discharge of his or her duties . . . ."  Cal. Lab. Code §

5    2802.

6    b)  Since January 1, 2016, the Internal Revenue Service's ("IRS") lowest

7    standard mileage rate for use of a car has been $0.54 per mile.  *See* IR-

8    2011-116, Dec. 9, 2011.  For the years 2012 through 2015, the IRS's

9    lowest standard mileage rate for use of a car was $0.555 per mile.  *See* IR-

10   2015-137, Dec. 17, 2015.

11   c)  As noted above, there were approximately five hundred ninety-eight (598)

12   individuals in the proposed putative class each year during the four-year

13   class period.  (Bush Decl. ¶ 3.)  For the approximately 182-week period

14   from May 9, 2012 to December 31, 2015, assuming 598 employees driving

15   12 miles a day, five (5) days a week, and using the IRS standard mileage

16   rate of $0.555 per mile, the potential damages at issue just for mileage

17   reimbursement would be three million six hundred twenty four thousand

18   two hundred thirty eight dollars and eighty cents ($3,624,238.80).  For the

19   approximately 78-week period from January 1, 2016 until one year from

20   the date of the filing of the Complaint, assuming 598 employees driving 12

21   miles a day, 5 days a week, and using the IRS standard mileage rate of

22   $0.54 per mile, the potential damages at issue just for mileage would be

23   one million five hundred eleven thousand two hundred sixty five dollars

24   and sixty cents ($1,511,265.60).  *See* (Compl. ¶ 29) (explaining that the

25   putative class seeks to recover expenses through the date of final

26   resolution); *see also Lao v. Wickes Furnitures Co., Inc.*, 455 F. Supp. 2d

27   1045 (C.D. Cal. 2006) (recognizing that defendant could factor in potential

28

DEFENDANT BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL CV

1
2
3
4

damage awards two years into the future to satisfy CAFA's amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 319 F. Supp. 2d 1029, 1011 n. 4 (N.D. Cal. 2004) (future damages may be established at the time of removal).

5
6
7
8
9

d)  Accordingly, using the conservative estimates of Plaintiff's claims as set forth above, the total amount "in controversy" for just one of the expenses Plaintiff alleges that Defendant failed to reimburse, would be five million one hundred thirty five thousand five hundred and four dollars and forty cents ($5,135,504.40).

10
11
12
13

e)  This calculation uses low assumptions regarding the putative class's reimbursement rate, and does not factor in the other types of expenses Plaintiff alleges Defendant failed to reimburse, such as liability insurance, gas, tolls, parking, and other travel-related expenses.  (Compl. ¶ 20.)

14
15
16
17
18
19
20
21
22
23
24
25

f)  In addition, Plaintiff seeks to recover her attorneys' fees pursuant to California Labor Code § 2802 and California Code of Civil Procedure § 1021.5, which increases the alleged amount "in controversy" beyond $5,000,000.  (Compl. ¶¶ 21, 30, 7 (Prayer for Relief)); *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) (holding that attorneys' fees were properly included in the amount in controversy requirement in a class action); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

26
27

g)  Finally, Plaintiff seeks an injunction pursuant to Cal. Bus & Prof. Code § 17200 *et seq.* (Compl. ¶¶ 2-4 (Prayer for Relief).)  The cost of compliance

28

- 6 -

DEFENDANT BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL CV

1    with such an injunction—which is also properly considered when

2    calculating the amount "in controversy"—will further increase the amount

3    in controversy beyond the jurisdictional threshold.  *See, e.g., Bayol v.*

4    *ZipCar, Inc.*, No. 14-cv-02438-TEH, 2015 WL 4931756, at *10 (N.D. Cal.

5    Aug. 18, 2015) (recognizing that the cost of a possible injunction could be

6    properly included to determine CAFA's amount in controversy).

7    h)   In short, and although Defendant denies Plaintiff's claims in their entirety,

8    as a matter of legal certainty the amount "in controversy" in this action

9    exceeds five million dollars ($5,000,000) as required by 28 U.S.C. §

10   1332(d)(2) and § 1332(d)(6), even if only a subset of the Complaint's

11   allegations are considered.

12   8.   Fourth, no CAFA exception applies to the present case.  The "Local Controversy

13   Exception" does not apply to the present case because Defendant is not a citizen of California, the

14   state in which the action was originally filed.  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).  The

15   "Home State Exception" also does not apply to the present case because Defendant is not a

16   citizen of California, the state in which the action was originally filed.  *See* 28 U.S.C. §

17   1332(d)(4)(B).

18   9.   Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C. §

19   1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and

20   1453.

21   **VENUE**

22   10.   Plaintiff's state court action was commenced in the Superior Court of the State of

23   California for the County of Alameda, and pursuant to 28 U.S.C. §§ 84(c) and 1446(a), (b), and

24   (c), may be removed to this United States District Court for the Northern District of California,

25   which embraces Alameda County within its jurisdiction.

26   **CONCLUSION**

27   11.   For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332 and 1441(d), and

28

- 7 -

DEFENDANT BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL CV

under the principles of CAFA jurisdiction, this state court action may be removed to this Federal District Court.

**WHEREFORE**, Defendant requests that this action be brought to this Court, and that this Court exercise its jurisdiction in these premises.

Dated: June 14, 2016

APALLA U. CHOPRA
ADAM P. KOHSWEENEY
SUSANNAH K. HOWARD
O'MELVENY & MYERS LLP


By:    */s/ Adam P. KohSweeney*
            Adam P. KohSweeney
Attorneys for Defendant
Bank of America, N.A.

DEFENDANT BANK OF AMERICA, N.A.'S
NOTICE OF REMOVAL CV

# EXHIBIT A

AARON KAUFMANN, SBN 148580
DAVID POGREL, SBN 203787
ELIZABETH GROPMAN, SBN 294156
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
dpogrel@leonardcarder.com

EDWARD J. WYNNE, SBN 165819
WYNNE LAW FIRM
100 Drakes Landing Road, Ste. 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900
ewynne@wynnelawfirm.com

*Attorneys for Plaintiff and the putative class*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Gina McLeod, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Bank of America, N.A. and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. RG16814887<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);**<br>**(2) UCL VIOLATIONS (BUS. & PROF. CODE § 17200-04)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gina McLeod ("Plaintiff"), on behalf of herself and all others similarly situated (hereinafter "Class Members"), complains and alleges as follows:

## A. INTRODUCTION

1.      This is a class action, under California Code of Civil Procedure § 382, seeking reimbursement for business expenses, and interest thereon; declaratory relief; equitable relief; and reasonable attorneys' fees and costs, under California Labor Code § 2802, Code of Civil Procedure

1    § 1021.5, and Business and Professions Code § 17200, et seq., on behalf of Plaintiff and all other

2    individuals who are or have been employed as Loan Officers (defined below) by Defendant Bank

3    of America, National Association (hereafter "Bank of America" or "Defendant"), in California

4    during the four years prior to the filing of this action.  Plaintiff and similarly situated outside

5    salespersons employed by Defendant during the Class Period as defined below (hereinafter "Class

6    Members") are salespersons who paid out-of-pocket business expenses reasonably necessary for

7    the performance of their jobs as Loan Officers employed by Defendant, for which Plaintiff and

8    Class Members have not received reimbursement from Defendant.  Plaintiff, on behalf of herself

9    and Class Members, seeks damages and restitution of all unjust enrichment Defendant has enjoyed

10   from their failure to reimburse business expenses incurred by Plaintiff and Class Members.

11          2.      The "Class Period" is designated as the period from May 9, 2012 through the date

12   the Court grants class certification.  The violations of California's employee expense

13   reimbursement law, as described more fully below, have been ongoing for at least the past four

14   years, are continuing at present, and will continue unless and until enjoined by the Court.

15          3.      Plaintiff and Class Members are or were engaged in the sales of residential and

16   commercial mortgage products on behalf of Bank of America in California.  Many of these sales-

17   related duties are or were performed in the field, away from Defendant's offices or facilities.  Many

18   of these activities also involved travel between Bank of America's offices or facilities.  Defendant

19   expects and requires Loan Officers to drive their own vehicles to and from sites of customers and

20   prospective customers and to and from Bank of America's offices, facilities, and branches.

21   Defendant expects their Loan Officers to spend much of their work time away from Bank of

22   America locations.  Plaintiff and similarly situated Loan Officers are expected by Defendant to

23   pay, and have personally paid, expenses incurred operating their personal vehicles.  Defendant has

24   willfully failed and refused to timely and fully reimburse Plaintiff and other present and former

25   Loan Officers for these business expenses that were incurred in the regular course of their duties as

26   Defendant's outside sales employees, as required by Labor Code § 2802.

27

28

## B.  JURISDICTION

4.     This Court has jurisdiction over the claims for reimbursement of business expenses under Labor Code § 2802.

5.     This Court has jurisdiction over the claims for injunctive relief and restitution of gains arising from Defendant's unlawful business practices, under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17203 and 17204.

## C.  VENUE

6.     Venue as to Defendant is proper in Alameda County, pursuant to Code of Civil Procedure §§ 395, 395.5.  Bank of America is a foreign corporation that has not designated a principal business office in California according to its latest Statement of Information (Foreign Corporation) on file with the California Secretary of State.  Defendant maintains branches, facilities and offices from which Defendant transacts business in a variety of locations in Alameda County, and Defendant is otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within Alameda County.  Defendant has employed Class Members in Alameda County, who have also incurred unreimbursed business expenses while conducting Defendant's business in Alameda County in the State of California during the Class Period.

## D.  PARTIES

7.     Plaintiff Gina McLeod resides in San Diego, California.  Plaintiff has been employed by Defendant from approximately February 2014 to the present.  During the Class Period, she worked as a Loan Officer for Defendant throughout Southern California, including her home branch in San Diego, California.  During this time, Plaintiff was subject to Defendant's unlawful business expense reimbursement policies and/or practices set forth herein.

8.     Defendant Bank of America, National Association is a Delaware Corporation with its principal place of business in Charlotte, North Carolina.

9.     The true names and capacities of persons or entities, whether individual, corporate,

- 3 -

1  associate, or otherwise, sued herein as DOES 1 through 10, inclusive, are currently unknown to

2  Plaintiff, who therefore sues Defendant by such fictitious names under Code of Civil Procedure §

3  474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

4  designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

5  herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

6  capacities of the Defendants designated hereinafter as DOES when such identities become known.

7  Hereinafter Defendant and the DOE Defendants shall be referred to collectively as "Defendant."

8       10.    All of Plaintiff's claims stated herein are asserted against Defendant and any of their

9  owners, predecessors, successors, subsidiaries, and/or assigns.

## E. FACTUAL BACKGROUND

12       11.    Defendant operates, and at all times during the liability period, has done business in

13  Alameda County, California and throughout California.

14       12.    Since at least four years prior to the filing of this action, Defendant has maintained

15  business expense policies and/or practices that deny lawful reimbursement and/or compensation to

16  its Loan Officers. Those policies and/or practices require, and/or with knowledge thereof permit,

17  Loan Officers to pay for expenses incurred in direct consequence of discharging their sales duties

18  on behalf of Defendant, including maintenance of a motor vehicle and all travel-related expenses,

19  including vehicle insurance, mileage, gasoline, parking, and tolls incurred while driving their

20  vehicles for business.

21       13.    Defendant has maintained these same business expense policies and/or practices or

22  substantially similar ones throughout the Class Period.

23       14.    Defendant is aware that Loan Officers regularly incur business expenses in the

24  discharge of their duties as employees Defendant nevertheless fail and refuse to reimburse Loan

25  Officers for such business expenses incurred by them in their work as they sell mortgage products

26  to Defendant's clients and prospective clients at locations throughout Defendant's business areas.

27       15.    Plaintiff and Class Members have been harmed by Defendant's unlawful business

28  expense policies and/or practices in that they have not been paid for certain business expenses

incurred while employed by Defendant, as alleged above, thereby diminishing their agreed-upon

compensation, in amounts to be proved at trial.

## F. CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a

class action pursuant to Code of Civil Procedure § 382.  The Class that Plaintiff seeks to represent

is composed of and defined as follows:

> All persons who are or have been employed, at any time from May 9, 2016
> through the date of the Court's granting of class certification in this matter, by
> Bank of America, National Association ("Bank of America") in California
> under the job titles Loan Officer, Mortgage Loan Officer, and Branch Loan
> Officer (collectively "Loan Officers" or "Class Members").

17.     This action has been brought and may properly be maintained as a class action

under Code of Civil Procedure § 382 because there is a well-defined community of interest in the

litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the

Class:

a.     Numerosity:  The potential members of the Class as defined are numerous

and therefore joinder of all the members of the Class is impracticable.  While the precise

number of Class Members has not been determined at this time, Plaintiff is informed and

believes that Defendant has employed hundreds of Loan Officers in California subject to

Defendant's business expense reimbursement policy at all times during the Class Period.

Joinder of all members of the proposed class is not practicable.

b.     Commonality:  There are questions of law and fact common to the Plaintiff

and the Class that predominate over any questions affecting only individual members of the

Class.  These common questions of law and fact include, without limitation:

(i)     Whether Plaintiff and Class Members have incurred unreimbursed

business expenses in the discharge of their duties as employees, included but not

limited to expenses for such items as motor vehicle use and maintenance, mileage,

- 5 -

1    insurance, parking, and tolls.

2          (ii)    Whether Defendant expected Plaintiff and Class Members to spend a

3    significant portion of their work time away from Bank of America locations.

4          (iii)    Whether Defendant intended, suffered and permitted, and/or were

5    aware that Plaintiff and Class Members incurred such business expenses in the

6    discharge of their duties as employees.

7          (iv)    Whether Defendant failed and/or refused to reimburse, fully or at all,

8    business expenses incurred by Plaintiff and Class Members in the discharge of their

9    duties.

10          (v)    Whether Defendant's failure to reimburse business expenses incurred

11    by Plaintiff and Class Members, fully or at all, was the result of, and/or pursuant to,

12    a business policy or regular practice of Defendant.

13          (vi)    Whether Defendant violated Labor Code § 2802 by denying Plaintiff

14    and other Class Members reimbursement for their business expenses.

15          (vii)    Whether Defendant violated Business and Professions Code § 17200

16    by failing to pay business expenses for Plaintiff and Class Members.

17          (viii)    The proper formula(s) for calculating restitution, damages, and

18    interest owed to Plaintiff and the Class Members.

19        c.    Typicality:  Plaintiff's claims are typical of the claims of the Class.  Both

20    Plaintiff and Class Members sustained injuries and damages, and were deprived of property

21    rightly belonging to them, arising out of and caused by Defendant's common course of

22    conduct in violation of law as alleged herein, in similar ways and for the same types of

23    expenses.

24        d.    Adequacy of Representation:  Plaintiff is a member of the Class and will

25    fairly and adequately represent and protect the interests of the Class Members.  Plaintiff's

26    interests do not conflict with those of Class Members.  Counsel who represent the Plaintiff

27    are competent and experienced in litigating large wage and hour class actions, including

28    business expense reimbursement cases and other employment class actions, and will devote

CLASS ACTION COMPLAINT

sufficient time and resources to the case and otherwise adequately represent the Class.

        e.     Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices of not reimbursing business expenses. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because the Plaintiff seeks relief that will affect all Class Members in a common way, and will also allow for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining their unlawful business expense reimbursement policy and practice, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs, burdens, and risks of litigation.

## FIRST CAUSE OF ACTION
### FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (LABOR CODE § 2802)

        18.     The allegations of Paragraphs 1 through 17 are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-described class of similarly situated Loan Officers.

        19.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence

1    of the discharge of his or her duties."

2        20.    In order to discharge their sales-related duties for Defendant, Plaintiff and similarly

3    situated Loan Officers were required and/or expected by Defendant to use their own personal

4    motor vehicles for work-related travel.  However, Defendant did not fully pay for expenses

5    incurred as a result of Plaintiff and Class Members' use of their own motor vehicles for work,

6    including for liability insurance, mileage, gas, parking, tolls, and other travel-related expenses.

7        21.    Plaintiff and similarly situated Loan Officers are entitled to reimbursement for these

8    necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

9        22.    As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable

10   for attorneys' fees and costs under Labor Code § 2802(c).

11       23.    Plaintiff, on behalf of herself and Class Members, request relief as described below.

12

13                            **SECOND CAUSE OF ACTION**
                      **UNFAIR COMPETITION LAW VIOLATIONS**
14                        **(BUS. & PROF. CODE § 17200)**

15       24.    The allegations of Paragraphs 1 through 23 are re-alleged and incorporated herein

16   by reference, and Plaintiff alleges as follows a cause of action on behalf of herself and the above-

17   described class of similarly situated Loan Officers.

18       25.    Business & Professions Code § 17200 (the "UCL") prohibits unfair competition in

19   the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions

20   Code § 17204 allows "any person who has suffered injury in fact and has lost money or property"

21   to prosecute a civil action for violation of the UCL.

22       26.    Beginning at an exact date unknown to Plaintiff, but at least four years prior to the

23   filing of this action, and continuing to the present, Defendant has committed unlawful, unfair,

24   and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200,

25   by failing to reimburse and indemnify Plaintiff and similarly situated Loan Officers for

26   employment-related business expenses and losses, in violation of Labor Code § 2802.

27       27.    In order to discharge their sales-related duties for Defendant, Plaintiff and similarly

28

1    situated Loan Officers were required, expected, and/or permitted by Defendant to use their own

2    personal motor vehicles for work-related travel.  However, Defendant did not fully pay for

3    expenses incurred as a result of Plaintiff's and Class Members' use of their own property or

4    expenditures for services used in the course of their work for Defendant.

5         28.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent

6    acts and practices described herein, Defendant has received and continues to hold ill-gotten gains

7    belonging to Plaintiff and Class Members in the form of unreimbursed employee business expenses

8    that reduced or offset compensation earned by Plaintiff and Class Members.  As a direct and

9    proximate result of Defendant's unlawful business practices, Plaintiff and Class Members have

10   suffered economic injuries including, but not limited to out-of-pocket business expenses, and

11   resulting reductions or offsets to earned compensation.  Defendant has profited from their

12   unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and

13   interest accrued thereon.

14        29.    Plaintiff and similarly situated Loan Officers are entitled to restitution pursuant to

15   Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, and interest

16   thereon accruing, from four years prior to the filing of this action to the date of such restitution, and

17   Defendant should be required to disgorge all the profits and gains they have reaped and restore

18   such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

19        30.    Plaintiff has assumed the responsibility of enforcement of the laws and public

20   policies specified herein by suing on behalf of herself and other similarly situated members of the

21   public previously and presently employed by Defendant in California.  Plaintiff's success in this

22   action will enforce important rights affecting the public interest.  Plaintiff will incur a financial

23   burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys'

24   fees to Plaintiff is appropriate pursuant to Code of Civil Procedure § 1021.5.

25        31.    Plaintiff, on behalf of herself and similarly situated Loan Officers, requests relief as

26   described below.

27   ///

28   ///

- 9 -
CLASS ACTION COMPLAINT

1

**JURY DEMAND**

2

Plaintiff hereby requests a trial by jury.

3

**PRAYER FOR RELIEF**

4

WHEREFORE, Plaintiff requests the following relief:

5
6

1.  That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382, and define the Class as requested herein;

7
8
9
10

2.  That the Court find and declare that Defendant's business expense policies and/or practices violate California law, including Labor Code § 2802 by refusing and/or failing to reimburse all business expenses incurred by Plaintiff and other Loan Officers in the discharge of their duties as employees of Defendant;

11
12
13
14

3.  That the Court find and declare that Defendant has violated Business and Professions Code § 17200 and committed unfair and unlawful business practices by failing to reimburse Plaintiff and similarly situated Loan Officers for business expenses incurred by them in the course of their duties for the benefit of Defendant, their employers;

15
16

4.  That the Court declare that Defendant's business expense policies and/or practices violate California law by causing a denial or forfeiture of compensation, including earned wages.

17
18
19

5.  That the Court award to Plaintiff and Class Members all unreimbursed business expenses, and interest thereon, that they are owed, pursuant to Labor Code § 2802, in an amount to be proved at trial;

20
21
22

6.  That Defendant be ordered to pay restitution to Plaintiff and the Class, due to Defendant's UCL violations, pursuant to Business and Professions Code §§ 17200-17205, in the amount of their unreimbursed business expenses and interest thereon;

23

///

24

///

25

///

26

///

27

///

28

///

1       7.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs

2 pursuant to Labor Code § 2802 and Code of Civil Procedure § 1021.5, and/or other applicable law;

3       8.     That the Court award such other and further relief as this Court may deem

4 appropriate.

5

6 DATED: May ___, 2016              WYNNE LAW FIRM

7

8                                     By: Edward J. Wynne

   DATED: May ___, 2016

9              LEONARD CARDER, LLP

10

11                                     By: Aaron Kaufmann

12              Attorneys for Plaintiff and the putative class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1　APALLA U. CHOPRA (S.B. #163207)
　　achopra@omm.com
2　O'MELVENY & MYERS LLP
　　400 South Hope Street
3　Los Angeles, California, 90071-2899
　　Telephone:　(213) 430-6000
4　Facsimile:　(213) 430-6407

5　ADAM P. KOHSWEENEY (S.B. #229983)
　　akohsweeney@omm.com
6　SUSANNAH K. HOWARD (S.B. #291326)
　　showard@omm.com
7　O'MELVENY & MYERS LLP
　　Two Embarcadero Center, 28th Floor
8　San Francisco, California, 94111-3823
　　Telephone:　(415) 984-8700
9　Facsimile:　(415) 984-8701

10　Attorneys for Defendant
　　Bank of America, N.A.

11

12　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13　**COUNTY OF ALAMEDA**

14

15　GINA MCLEOD, individually, and on behalf
　　of all others similarly situated,

　　Case No. RG16814887

16　　　　　　　　　　　　　Plaintiff,

　　**DEFENDANT BANK OF AMERICA,**
　　**N.A.'S ANSWER TO PLAINTIFF'S**

17

　　**COMPLAINT**

18　　　　　v.

19　BANK OF AMERICA, N.A. and DOES 1
　　through 10, inclusive,

　　Dept: 30
　　Judge:　Hon. Brad Seligman

20　　　　　　　　　　　　　Defendant.

21

22　　　　　Defendant Bank of America, N.A. ("Bank of America" or "Defendant"), for itself and for

23　no other defendant, answers the unverified complaint herein filed by Plaintiff Gina McLeod on

24　behalf of herself and as purported class representative on behalf of all other persons similarly

25　situated, dated May 9, 2016 ("the Complaint"), as follows:

26　　　　　Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure,

27　Defendant denies each and every, all and singular, allegations of the Complaint and also denies

28　that Plaintiff or any putative member of the purported class set forth in the Complaint was

ENDORSED
FILED
ALAMEDA COUNTY

JUN 13 2016

CLERK OF THE SUPERIOR COURT
By____Xian-Xii Bowie

1   damaged in the sum or sums alleged or in any sum at all.  Defendant further specifically denies

2   that any of the claims alleged by Plaintiff in the Complaint may properly be adjudicated on a

3   class-action basis.

4   **AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION**

5   **PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFF ON BEHALF OF**

6   **HERSELF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF THE PURPORTED**

7   **CLASS AS SET FORTH IN THE COMPLAINT, DEFENDANT ALLEGES AS**

8   **FOLLOWS:**

9   **FIRST AFFIRMATIVE DEFENSE**

10   Failure to State a Cause of Action

11   Plaintiff's claims, and each of them, brought on behalf of herself and the putative

12   members of the purported class as set forth in the Complaint, or some of them, fail to state facts

13   sufficient to constitute a cause of action against Defendant.

14   **SECOND AFFIRMATIVE DEFENSE**

15   Statute of Limitations

16   Plaintiff's claims, and each of them, brought on behalf of herself and the putative

17   members of the purported class as set forth in the Complaint, or some of them, are barred in

18   whole or in part by the applicable statutes of limitations, including without limitation, the

19   limitations periods prescribed in California Business and Professions Code § 17209 and

20   California Civil Procedure Code §§ 338, 340, and/or 343.

21   **THIRD AFFIRMATIVE DEFENSE**

22   No Class Action

23   Plaintiff's claims, and each of them, cannot and should not be maintained on a class-

24   action basis because those claims, and each of them, fail to meet the necessary requirements for

25   class certification, including, *inter alia*, class ascertainability, typicality, commonality,

26   numerosity, manageability, superiority, and adequacy of the class representative.

27

28

- 2 -

1 **FOURTH AFFIRMATIVE DEFENSE**

2 Unconstitutional Class Action

3 Certification of a class action under the circumstances of this case would violate

4 Defendant's rights under the United States Constitution and the California Constitution.

5 **FIFTH AFFIRMATIVE DEFENSE**

6 No Standing

7 Plaintiff's claims, and each of them, are barred in whole or in part because Plaintiff lacks

8 standing.

9 **SIXTH AFFIRMATIVE DEFENSE**

10 Uncertainty

11 Plaintiff's claims, and the claims of the putative members of the purported class as set

12 forth in the Complaint, or some of them, are barred in whole or in part because the Complaint is

13 uncertain in that the purported class definition is ambiguous and conclusory.

14 **SEVENTH AFFIRMATIVE DEFENSE**

15 Waiver

16 Plaintiff's claims, and the claims of the putative members of the purported class as set

17 forth in the Complaint, or some of them, are barred in whole or in part because such claims have

18 been waived, discharged, and/or abandoned.

19 **EIGHTH AFFIRMATIVE DEFENSE**

20 Accord and Satisfaction, Payment

21 Plaintiff's claims, and the claims of the putative members of the purported class as set

22 forth in the Complaint, or some of them, are barred in whole or in part by the principles of accord

23 and satisfaction, and payment.

24 **NINTH AFFIRMATIVE DEFENSE**

25 Release

26 Plaintiff's claims, and the claims of the putative members of the purported class as set

27 forth in the Complaint, or some of them, are barred in whole or in part because said claims have

28 been released by the employee(s) in question.

- 3 -

1

## TENTH AFFIRMATIVE DEFENSE

2

### Setoff and Recoupment

3    If any damages have been sustained by Plaintiff, or by any putative member of the

4  purported class as set forth in the Complaint, although such is not admitted hereby or herein and

5  is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment

6  to offset all obligations of the Plaintiff or putative class members owed to Defendant against any

7  judgment that may be entered against Defendant.

8

## ELEVENTH AFFIRMATIVE DEFENSE

9

### No Jury Trial

10    Plaintiff is not entitled to have equitable issues or matters of law tried to a jury, and

11  Plaintiff's demand for a jury trial should be so limited.

12

## TWELFTH AFFIRMATIVE DEFENSE

13

### Adequate Remedy at Law

14    Injunctive relief in this matter is inappropriate because Plaintiff, and the putative members

15  of the purported class as defined in the Complaint, or some of them, have an adequate remedy at

16  law and/or other requirements for granting injunctive relief cannot be satisfied.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

18

### Restitution Only

19    Plaintiff's claims, and the claims of each putative member of the purported class as set

20  forth in the Complaint, or some of them, are barred in whole or in part to the extent they seek to

21  receive penalties or other non-restitutionary awards pursuant to the California Business &

22  Professions Code.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

### Estoppel

25    Plaintiff's claims, and the claims of each putative member of the purported class as set

26  forth in the Complaint, or some of them, are barred in whole or in part because Plaintiff and the

27  putative class members are estopped by their own conduct to claim any right to damages or other

28  monetary relief, or any additional damages or other monetary relief, from Defendant.

- 4 -

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### Unclean Hands

3       Plaintiff's claims, and the claims of each putative member of the purported class as set

4   forth in the Complaint, or some of them, are barred in whole or in part by Plaintiff's and the

5   putative class members' unclean hands and/or inequitable or wrongful conduct.

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

### Laches

8       Plaintiff's claims, and the claims of each putative member of the purported class as set

9   forth in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

10

## SEVENTEENTH AFFIRMATIVE DEFENSE

11

### Due Process

12      Any award of restitution under Plaintiff's second cause of action, brought on behalf of

13   herself and the putative members of each purported class as set forth in the Complaint, pursuant

14   to the California Business & Professions Code §§ 17200 *et seq.*, would violate the Excessive

15   Fines and Due Process Clauses of the United States and California Constitutions.

16

## EIGHTEENTH AFFIRMATIVE DEFENSE

17

### Unjust, Arbitrary and Oppressive, or Confiscatory Penalties

18      Plaintiff, and the putative members of the purported class defined in the Complaint, are

19   not entitled to recover any civil penalties and/or fines pursuant to Plaintiff's causes of action,

20   because, under the circumstances of this case, any such recovery would be unjust, arbitrary and

21   oppressive, or confiscatory.

22

## NINETEENTH AFFIRMATIVE DEFENSE

23

### No Unfair or Unlawful Practice

24      Plaintiff's causes of action, and each of them, under California Business & Professions

25   Code §§ 17200 *et seq.* are barred, in whole or in part, because Defendant's alleged practices were

26   not "unfair" or "unlawful," the public was not and would not likely have been deceived by any

27   such alleged practices, Defendant would have gained no competitive advantage by engaging in

28

- 5 -

1 such alleged practices, and the benefits of the alleged practices outweighed any harm or other

2 impact they might have caused.

### TWENTIETH AFFIRMATIVE DEFENSE

#### Losses Not Incurred As a Result of Employment

5       Plaintiff's first cause of action for violation of California Labor Code § 2802 is barred, in

6 whole or in part, because neither Plaintiff nor any putative class member of the purported class as

7 set forth in the Complaint incurred expenditures or losses as a direct consequence of either the

8 discharge of their duties or their obedience to the directions of Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### Unnecessary Expenditures

11       Plaintiff's first cause of action for violation of California Labor Code § 2802 is barred, in

12 whole or in part, because the expenditures of Plaintiff and the putative members of the purported

13 class as set forth in the Complaint, were not necessary to the execution of their employment

14 duties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### Frivolous Claims

17       Plaintiff's causes of action, and each of them, brought on behalf of herself and the putative

18 members of the purported class as set forth in the Complaint, or some of them, are "frivolous,

19 unreasonable, or groundless" within the meaning of *Christianburg Garment Co. v. EEOC*,

20 434 U.S. 412 (1978) and *Cummings v. Benco Building Servs.*, 11 Cal. App. 4th 1383 (1992), and,

21 accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### Unconstitutional Remedy - California Business & Professions Code

24       Any finding of liability pursuant to the California Business & Professions Code would

25 violate the Due Process Clauses of the United States and California Constitutions because, *inter*

26 *alia*, the standards of liability under the Business & Professions Code are unduly vague and

27 subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no

28 legitimate governmental interest.

- 6 -

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

Attorneys' Fees

3    Defendant is entitled to recover all costs and attorneys' fees incurred herein under

4    California Labor Code § 218.5.

5

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

6    Defendant is informed and believe and on that basis alleges that Defendant may have

7    additional defenses available, which are not now fully known and of which it is not now aware.

8    Defendant reserves the right to raise and assert such additional defenses once such additional

9    defenses have been ascertained.

10

11    **WHEREFORE,** Defendant Bank of America, N.A. prays as follows:

12    1.    That the Complaint and each cause of action therein be dismissed with prejudice;

13    2.    That Plaintiff and the putative class take nothing by way of the Complaint;

14    3.    That Defendant be awarded costs of suit and attorneys' fees herein; and

15    4.    That the Court order such other and further relief for Defendant as the Court may

16    deem just and proper.

17

18    Dated: June 13, 2016

19                                        APALLA U. CHOPRA
                                          ADAM P. KOHSWEENEY
20                                        SUSANNAH K. HOWARD
                                          O'MELVENY & MYERS LLP
21

22

23                                        By: _____
                                                  Susannah K. Howard
24                                        Attorneys for Defendant
                                          Bank of America, N.A.
25

26

27

28

- 7 -

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

1   APALLA U. CHOPRA (S.B. #163207)
    achopra@omm.com
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, California 90071-2899
    Telephone:   (213) 430-6000
4   Facsimile:   (213) 430-6407

5   ADAM P. KOHSWEENEY (S.B. #229983)
    akohsweeney@omm.com
6   SUSANNAH K. HOWARD (S.B. #291326)
    showard@omm.com
7   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
8   San Francisco, California 94111-3823
    Telephone:   (415) 984-8912
9   Facsimile:   (415) 984-8701

10  Attorneys for Defendant
    Bank of America, N.A.

11

**ENDORSED
FILED**
ALAMEDA COUNTY

JUN 1 3 2016

CLERK OF THE SUPERIOR COURT
By_____Xian-Xii Bowie_____

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                           **COUNTY OF ALAMEDA**

14

15  GINA MCLEOD, individually, and on behalf          Case No. RG16814887
    of all others similarly situated,
16                                                     **DEFENDANT BANK OF AMERICA,
                    Plaintiff,                         N.A.'S PEREMPTORY CHALLENGE;
17                                                     DECLARATION OF SUSANNAH K.
           v.                                          HOWARD IN SUPPORT THEREOF**
18
    BANK OF AMERICA, N.A., and DOES 1                  Dept: 30
19  through 10, inclusive,                             Judge:  Hon. Brad Seligman

20                  Defendant.

21

22  **TO THE COURT AND COUNSEL OF RECORD:**

23         **PLEASE TAKE NOTICE THAT** Defendant Bank of America, N.A., ("Bank of

24  America") hereby moves, pursuant to Cal. Civ. Proc. Code § 170.6, to disqualify the Honorable

25  Brad Seligman, Judge of the Superior Court of the State of California, County of Alameda, from

26  presiding over the above-captioned case.

27         This motion is based on the declaration of Susannah Howard attached hereto, and is made

28  on the grounds that Judge Seligman is prejudiced against Bank of America or its interests in this

1   action, such that Bank of America believes it cannot have a fair and impartial hearing before this

2   judge. (Howard Decl. ¶ 2.)

3          This motion is timely filed under Cal. Civ. Proc. Code § 170.6 because it is made within

4   fifteen (15) days of Bank of America's first appearance in this action on June 13, 2016. (*Id.* ¶ 3.)

5   Accordingly, under Cal. Civ. Proc. Code § 170.6(a)(4), this matter must be reassigned to another

6   judge of the Alameda County Superior Court.

7

8       Dated: June 13, 2016

9

                                            APALLA U. CHOPRA

10                                       ADAM P. KOHSWEENEY
                                      SUSANNAH K. HOWARD

11                                       O'MELVENY & MYERS LLP

12

13                           By:
                                        Susannah K. Howard

14                                 Attorneys for Defendant
                                Bank of America, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 2 -

## DECLARATION OF SUSANNAH K. HOWARD

I, Susannah K. Howard, declare and state as follows:

1.  I am counsel for Defendant Bank of America, N.A. ("Bank of America") in the above-captioned case.  The matters stated herein are within my personal knowledge and I can therefore testify completely thereto.

2.  The Honorable Judge Brad Seligman, before whom the aforesaid action is pending, is prejudiced against Bank of America or its interests so that I believe that Bank of America cannot have a fair and impartial trial or hearing before this judge.

3.  Bank of America first appeared in this action on June 13, 2016, when Bank of America filed, concurrently with its Peremptory Challenge, an Answer to Plaintiff's Complaint filed on May 9, 2016.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of June, 2016, at San Francisco, California.

_____
Susannah K. Howard

Attorney for Defendant
Bank of America, N.A.

- 3 -

1   APALLA U. CHOPRA (S.B. #163207)
    achopra@omm.com
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, California, 90071-2899
    Telephone:    (213) 430-6000
4   Facsimile:    (213) 430-6407

5   ADAM P. KOHSWEENEY (S.B. #229983)
    akohsweeney@omm.com
6   SUSANNAH K. HOWARD (S.B. #291326)
    showard@omm.com
7   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
8   San Francisco, California, 94111-3823
    Telephone:    (415) 984-8700
9   Facsimile:    (415) 984-8701

10  Attorneys for Defendant
    Bank of America, N.A.

11

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 3 2016

CLERK OF THE SUPERIOR COURT
By_____ Alan-Xu Bowie

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                         COUNTY OF ALAMEDA

14

15  GINA MCLEOD, individually, and on behalf          Case No. RG16814887
    of all others similarly situated,
16                                                    **PROOF OF SERVICE BY MAIL**
                    Plaintiff,
17                                                    Dept: 30
         v.                                           Judge:  Hon. Brad Seligman
18
    BANK OF AMERICA, N.A. and DOES 1
19  through 10, inclusive,

20                  Defendant.

21

22                      **PROOF OF SERVICE BY MAIL**

23          I am over the age of eighteen years and not a party to the within action.  I

24  am a resident of or employed in the county where the service described below occurred.

25  My business address is Two Embarcadero Center, 28th Floor, San Francisco, California

26  94111-3823.  I am readily familiar with this firm's practice for collection and processing

27  of correspondence for mailing with the United States Postal Service.  In the ordinary

28  course of business, correspondence collected from me would be processed on the same

1   day, with postage thereon fully prepaid and placed for deposit that day with the United

2   States Postal Service. On June 13, 2016, I served the following:

3   **DEFENDANT BANK OF AMERICA, N.A.'S ANSWER
    TO PLAINTIFF'S COMPLAINT**

4

5   **DEFENDANT BANK OF AMERICA, N.A.'S
    PEREMPTORY CHALLENGE; DECLARATION OF
    SUSANNAH K. HOWARD IN SUPPORT THEREOF**

6

7   by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid,

8   and placing the envelope for collection and mailing today with the United States Postal

9   Service in accordance with the firm's ordinary business practices, addressed as follows:

10  Aaron Kaufmann                          Edward J. Wynne
    David Pogrel                            WYNNE LAW FIRM
11  Elizabeth Gropman                       Wood Island
    LEONARD CARDER, LLP                     80 E. Sir Francis Drake Blvd., Suite 3G
12  1330 Broadway, Suite 1450               Larkspur, CA 94939
13  Oakland, CA 94612

14

15          I declare under penalty of perjury under the laws of the State of California

16  that the above is true and correct. Executed on June 13, 2016, at San Francisco,

17  California.

18

19

20                                          Wendy Benson

21

22

23

24

25

26

27

28

- 2 -