1   APALLA U. CHOPRA (S.B. #163207)
    achopra@omm.com
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, California 90071-2899
    Telephone:    (213) 430-6000
4   Facsimile:    (213) 430-6407

5   ADAM P. KOHSWEENEY (S.B. #229983)
    akohsweeney@omm.com
6   SUSANNAH K. HOWARD (S.B. #291326)
    showard@omm.com
7   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
8   San Francisco, California 94111-3823
    Telephone:    (415) 984-8912
9   Facsimile:    (415) 984-8701

10  Attorneys for Defendant
    Bank of America, N.A.

11  *Additional counsel listed on the following page.

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16  Gina McLeod, individually and on behalf of all      Case No. 3:16-cv-03294-EMC
    others similarly situated,
17                                                       **STIPULATED PROTECTIVE ORDER**
                            Plaintiff,
18
            v.
19
    Bank of America, N.A. and DOES 1 through
20  10, inclusive,

21                          Defendant.

22

23

24

25

26

27

28

AARON KAUFMANN, SBN 148580
DAVID POGREL, SBN 203787
ELIZABETH GROPMAN, SBN 294156
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
dpogrel@leonardcarder.com
egropman@leonardcarder.com

EDWARD J. WYNNE, SBN 165819
WYNNE LAW FIRM
Wood Island
80 E. Sir Francis Drake Boulevard, Suite 3G
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile: (415) 461-3900
ewynne@wynnelawfirm.com

Attorneys for Plaintiff
Gina McLeod and the putative class

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Gina McLeod ("Plaintiff") and Defendant Bank of America, N.A. ("Defendant"), through their respective undersigned counsel, that, during this action, all documents, information, tangible items, and testimony designated as Confidential by the producing party in the above matter be, and hereby are, subject to the following terms and conditions:

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this case would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1.     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.     <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P.  26(c).

2.4.     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

Producing Party.

2.5.     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6.     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7.     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8.     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9.     House Counsel:  attorneys who are employees of a Party.

2.10.    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11.    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor to a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12.    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

    5.1.    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Indiscriminate routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        (a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that Counsel for the deponent or witness providing testimony, within twenty (20) days after the final version of the transcript has been received by such Counsel, designate any portions of the transcript which contain testimony concerning CONFIDENTIAL information.  Upon request of Counsel on the record (*i.e.*, before the deposition or proceeding is concluded), deposition or other pretrial hearing or trial testimony in its entirety shall be treated as CONFIDENTIAL until expiration of the 20-day designation period.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3.    <u>Need for Higher Level of Confidentiality</u>.  In the event the Producing Party believes that the material to be produced, or testimony to be given, is deserving of a higher level of confidentiality than the protections currently provided herein for "Confidential" materials, the Producing Party shall contact the party to whom disclosure would otherwise be made to explain the need for and the specifics of the higher level of protection.  The Parties shall meet and confer

in good faith to come to agreement on the designation and its scope.  If the Parties cannot reach agreement, the Producing Party shall submit the matter to the Court for resolution per paragraph 6.3 of this Order, and shall not be required to produce the material in question until the Court issues a decision.

5.4.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or as some other level of confidentiality, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or some other level of confidentiality after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue in person or by telephone; a mere exchange of letters, e-mails, telephone calls, or facsimile transmissions is not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

1  designation after considering the justification offered by the Designating Party will, along with

2  the Designating Party, prepare a concise joint statement of 5 pages or less explaining the

3  Designating Party's basis for the chosen designation as well as the challenging Party's basis for

4  its belief that the confidentiality designation was not proper.  The Designating Party and the

5  challenging party may each elect to submit a brief individual statement of 2 pages or less, and the

6  challenging party may file and serve a motion under Civil Local Rule 7 (and in compliance with

7  Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail

8  the basis for the challenge.  Each such motion must be accompanied by a competent declaration

9  that affirms that the movant has complied with the meet and confer requirements imposed in the

10 preceding paragraph and that sets forth with specificity the justification for the confidentiality

11 designation that was given by the Designating Party in the meet and confer dialogue.

12     The burden of persuasion in any such challenge proceeding shall be on the Designating

13 Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

14 question the level of protection to which it is entitled under the Producing Party's designation.

15 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

16     7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed

17 or produced by another Party or by a non-party in connection with this case only for prosecuting,

18 defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

19 to the categories of persons and under the conditions described in this Order.  When the litigation

20 has been terminated, a Receiving Party must comply with the provisions of section 11, below

21 (FINAL DISPOSITION).

22     Protected Material must be stored and maintained by a Receiving Party at a location and

23 in a secure manner that ensures that access is limited to the persons authorized under this Order.

24     7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

25 ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

26 disclose any information or item designated CONFIDENTIAL only to:

27     (a)     the Receiving Party and the Receiving Party's Outside Counsel of record in

28 this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose

- 8 -

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

the information for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A; and,

(g)    the author of the Protected Material or the original source of the information.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by fax or e-mail, if possible) immediately and, in no event, more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

1  caused the subpoena or order to issue.

2       The purpose of imposing these duties is to alert the interested parties to the existence of

3  this Protective Order and to afford the Designating Party in this case an opportunity to try to

4  protect its confidentiality interests in the court from which the subpoena or order issued.  The

5  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

6  confidential material – and nothing in these provisions should be construed as authorizing or

7  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8    9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10 Material to any person or in any circumstance not authorized under this Stipulated Protective

11 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

13 inform the person or persons to whom unauthorized disclosures were made of all the terms of this

14 Order, and (d) request such person or persons to execute the "Agreement to be Bound by

15 Protective Order" that is attached hereto as Exhibit A.

16   10.   FILING PROTECTED MATERIAL

17      Without written permission from the Designating Party or a court order secured after

18 appropriate notice to all interested persons, a Party may not file in the public record in this action

19 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

20 with Civil Local Rule 79-5.

21   11.   FINAL DISPOSITION

22      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

23 days after the final termination of this action, each Receiving Party must return all Protected

24 Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

25 copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of

26 the Protected Material.  The Receiving Party may at its election destroy some or all of the

27 Protected Material instead of returning it.  Whether the Protected Material is returned or

28 destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.    MEDIATION

This Order will apply to documents and information disclosed, formally or informally, in connection with any mediation of this matter, regardless of whether or not the information is expressly designated as "CONFIDENTIAL."  Additionally, all documents and information produced in connection with a mediation will be promptly returned to the producing party or destroyed (followed by a letter confirming such destruction) when the mediation process concludes (regardless of whether the process is successful or unsuccessful), pursuant to the terms of Section 11 herein – except to the extent the undersigned parties agree in writing to an alternate process.  The undersigned parties expressly understand and agree that the production and/or disclosure of documents or information in connection with mediation will be without prejudice to the producing party's ability to argue against the disclosure of the same documents or information in connection with litigation.  Except to the extent that the terms of this Order provide greater protection, the undersigned parties further expressly recognize and agree that documents and information provided in connection with mediation or settlement will be governed by the provisions of California Evidence Code § 1119 and Local Rule 16-8.

13.    MISCELLANEOUS

13.1.    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.    Right to Assert Other Objections.  By stipulating to the entry of this Protective

1  Order, no Party waives any right it otherwise would have to object to disclosing or producing any

2  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

3  no Party waives any right to object on any ground to use in evidence of any of the material

4  covered by this Protective Order.

5

6         Dated:   March 23, 2017                    APALLA U. CHOPRA
                                                      ADAM P. KOHSWEENEY
7                                                     SUSANNAH K. HOWARD
                                                      O'MELVENY & MYERS LLP
8
                                                      By: __/s/ Adam P. KohSweeney_
9                                                     Adam P. KohSweeney
                                                      Attorneys for Defendant
10                                                    Bank of America, N.A.

11
          Dated:   March 23, 2017                     AARON KAUFMANN
12                                                    DAVID POGREL
                                                      ELIZABETH GROPMAN
13                                                    LEONARD CARDER, LLP

14                                                    By: _/s/ Aaron Kaufman___
15                                                    Aaron Kaufmann
                                                      Attorneys for Plaintiff
16                                                    Gina McLeod

17
          Dated:   March 23, 2017                     EDWARD J. WYNNE
18                                                    WYNNE LAW FIRM

19                                                    By: _/s/ Edward J. Wynne___
20                                                     Edward J. Wynne
                                                      Attorney for Plaintiff
21                                                    Gina McLeod

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

1

**<u>ATTESTATION</u>**

2

The filing attorney attests that he has obtained concurrence regarding the filing of this

3

document from the signatories to this document.

4

Dated:   March 23, 2017                                            By:  _/s/ Adam P. KohSweeney____

5                                                                                          Adam P. KohSweeney
O'MELVENY & MYERS LLP

6                                                                                          Two Embarcadero Center, 28th Fl.
San Francisco, CA 94111-3823

7                                                                                          Telephone:  (415) 984-8912
Facsimile:   (415) 984-8701

8                                                                                          akohsweeney@omm.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC

1   **PURSUANT TO THE PARTIES' STIPULATION, THE FOREGOING PROTECTIVE**
2   **ORDER IS APPROVED, AND IT IS SO ORDERED.**

3

4   Date: _____3/31/17_____

5                                  The Honorable Edward M.
6                                  United
                                 Northern

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       STIPULATED PROTECTIVE ORDER
                                       3:16-CV-03294-EMC

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Gina McLeod, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Bank of America, N.A. and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendant. | Case No. 3:16-cv-03294-EMC<br><br>**CERTIFICATION OF AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

1.　　My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.


2.　　I have read the Stipulated Protective Order Regarding Confidential Documents and Information that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order and agree to comply with and to be bound by its provisions.


3.　　I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____ (date)


by _____ (signature)

STIPULATED PROTECTIVE ORDER
3:16-CV-03294-EMC